**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAULINE HAYES,<br><br>            Petitioner,<br><br>   v.<br><br>KIMBERLY HUGHES, Warden,<br><br>            Respondent. | Case No. CV 15-10006 SJO (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which respondent has made objections.

Respondent objects that petitioner's claims are barred by *Teague v. Lane*, 489 U.S. 288 (1989). However, respondent did not properly address the substance of petitioner's claims.

In Ground One, petitioner claimed that she was subject to an illegal sentence enhancement based on her prior convictions, and that she was mentally incompetent when she committed the crimes and when she entered her plea. (Petition at 3.) Respondent contends that granting relief for this claim would require "a new rule of

constitutional law be announced contrary to the rule" of *Tollett v. Henderson*, 411 U.S. 258 (1973). This articulation of the supposed new rule is too vague to satisfy respondent's burden to raise a proper *Teague* argument, and it does not properly account for petitioner's claim of sentencing error. Moreover, *Tollett* does not preclude a challenge to the voluntary and intelligent nature of a plea. After construing petitioner's allegation liberally (as federal habeas courts are required to do), the Court has determined that petitioner was trying to claim that her alleged mental incompetency rendered her plea involuntary. Such a claim, if it warranted habeas relief (which it does not in this case), would not have been "contrary to the rule of *Tollett*." *See Miles v. Stainer*, 108 F.3d 1108, 1112 (9th Cir. 1997) (mental incompetency at time of plea hearing would render guilty plea invalid).

In Ground Two, petitioner claimed that her sentence is illegal because her prior convictions did not involve weapons or harm to the victims, and they were remote in time. Respondent contends that granting relief for this claim would require a new rule under *Teague* that the principles of double jeopardy are not violated when sentence enhancements are imposed for prior serious felony convictions. Although petitioner made a passing reference to the concept of "double jeopardy," this was not the substance of her sentencing-error claim. Rather, petitioner argued that her sentence enhancement was illegal because her prior convictions had not been proven as facts, she had not harmed anybody, she had not used weapons, and her prior convictions were remote in time. These arguments were meritless for reasons having nothing to do with double jeopardy or *Teague*: Claims of error under state sentencing laws are not cognizable on federal habeas review, and the record reflected that petitioner validly admitted the truth of her prior convictions in open court.

In sum, respondent has not properly raised a *Teague* argument.

///

///

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) respondent's Motion to Dismiss based on a *Teague* argument is denied; and (3) judgment shall be entered dismissing this action with prejudice.

DATED: July 17, 2016.

*S. James Otero*
_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE